IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| R., et al.,<br><br>                    Plaintiffs,<br>v.<br><br>UNITED HEALTHINSURANCE CO., et al.<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' [16] MOTION TO TRANSFER VENUE<br><br>Case No. 2:24-cv-00033-HCN-CMR<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Defendants United Healthcare Insurance Company (UHIC), United Behavioral Health (UBH), and Liberty Mutual Health Plan's (the Plan) (collectively, Defendants) Motion to Transfer Venue (Motion) (ECF 16), referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 7). The court has reviewed Plaintiffs Jill R. and J.R.'s (collectively, Plaintiffs) Response (ECF 25) and Defendants' Reply (ECF 30). Pursuant to Rule 7-1(g) of the Local Rules of Practice for the United States District Court for the District of Utah (Local Rules), the court concludes oral argument is not necessary and will determine the Motion based on the written memoranda. For the reasons set forth below, the court DENIES the Motion.

## I.    BACKGROUND

On January 12, 2024, Plaintiffs filed their Complaint (ECF 1) seeking relief for denial of benefits pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B), as well as equitable remedies under the Mental Health Parity and Addiction Equity Act of 2008 (the Parity Act). Plaintiffs allege that Defendants wrongfully denied coverage for mental health treatment at Red Cliff Ascent (RCA), Triumph Youth Services (Triumph), and Wingate Wilderness Therapy (Wingate), licensed treatment facilities located in Utah (*id.* ¶¶ 4–5).

Plaintiffs are individuals who reside in Massachusetts (*id.* ¶ 1). While Plaintiff alleges that UHIC is headquartered in Minnesota (ECF 1 ¶ 2), Defendants assert that UHIC is incorporated in and has its principal place of business in Connecticut, and UBH is incorporated and has its principal place of business in California (ECF 16 at 2–3). Defendants further assert that Liberty Mutual, the sponsor of the Plan, is headquartered in Massachusetts (*id.*). On May 17, 2024, Defendants filed the instant Motion seeking transfer of this matter to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a), as well as a Motion to Dismiss (collectively, Defendants' Motions) (ECF 15). On June 21, 2024, Plaintiffs filed their Combined Response (ECF 25) to Defendants' Motions, and Defendants thereafter filed their Combined Reply (ECF 28). This Order only addresses the Motion to Transfer Venue.

## II.     LEGAL STANDARDS

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought [.]" Section 1404(a) is "a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system." *Atl. Marine Const. Co., v. U.S. Dist. Ct. for W. Dist. Of Tex.*, 571 U.S. 49, 60 (2013). Section 1404(a) allows "'transfer to a more convenient forum, even though venue is proper' in the transferor court." *K.A. v. UnitedHealthcare Ins.*, No. 2:23-cv-00315-RJS-JCB, 2023 WL 7282544, at *1 (D. Utah Nov. 3, 2023) (quoting *Atl. Marine Const. Co.*, 571 U.S. at 60). To satisfy section 1404(a), "the moving party must clearly establish that: (1) the transferee court is a proper forum in which the action could have been brought originally; and (2) the transfer will enhance the convenience of the parties and witnesses, and is in the interest of justice." *RES-NV, LLC v. Rosenberg*, No. 2:13-cv-00115-DAK, 2013 WL 3548697, at *2 (D. Utah July 11, 2013).

To meet the first requirement under section 1404(a), "the transferee court must have subject matter jurisdiction and personal jurisdiction over the parties, and venue must be proper." *Safari Club Int'l v. Jewell*, No. 15-930-JCH-LF, 2016 WL 3574169, at *4 (D.N.M. Feb. 11, 2016) (citing *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991)). Regarding the second requirement, section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Stewart Org. v. Richoh Corp.*, 487 U.S. 22, 29 (1988)). When evaluating the convenience of a forum, the court's analysis is informed by, but not limited to, consideration of the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

To satisfy the first requirement, Defendants must show that the District of Massachusetts has subject matter jurisdiction. Under 29 U.S.C. § 1132(e), "[s]tate courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions" under Section 1132(a)(1)(B) of ERISA. *See* 29 U.S.C. § 1132(e)(1). Here, the District of Massachusetts has subject matter jurisdiction because Plaintiffs assert ERISA claims under this section (ECF 2 at 18).

### B. Personal Jurisdiction

Defendants must also establish that the District of Massachusetts has personal jurisdiction over them. Under Federal Rule of Civil Procedure 4, personal jurisdiction in the federal courts is determined by the state's jurisdictional laws in which they sit. *See* Fed. R. Civ. P. 4(k)(1)(A). To establish personal jurisdiction in the transferee court, Defendants must show "first, that jurisdiction is authorized under [state] law and, second, that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009). "In order to establish personal jurisdiction, a court should first determine whether there is jurisdiction under the Massachusetts long-arm statute before considering whether the determination complies with the strictures of due process." *Follett v. Dan Roulier & Assocs., Inc.*, No. CV 19-30136-MGM, 2022 WL 4823530, at *1 (D. Mass. Apr. 11, 2022) (citing *Access Now, Inc. v. Otter Prod., LLC*, 280 F. Supp. 3d 287, 291 (D. Mass. 2017)).[1]

Massachusetts's long-arm statute extends "personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . . transacting any business in this commonwealth . . ." Mass. Gen. Laws Ann. Ch. 223A, § 3(a). "For jurisdiction under § 3(a), the facts must satisfy two requirements—the defendant must have transacted business in Massachusetts, and the plaintiff's claim must have arisen from the transaction of business by the defendant." *Tatro v. Manor Care, Inc.*, 625 N.E.2d 549, 551 (Mass.

---

[1] "The First Circuit has in the past endorsed an approach that bypasses a consideration of the long-arm statute and proceeds directly to consider the constitutional test for determining specific or general jurisdiction." *Hamilton v. Young Mgmt., LLC*, 646 F. Supp. 3d 235, 245 n.3 (D. Mass. 2022) (citing *Adelson v. Hananel*, 652 F.3d 75, 80 (1st Cir. 2011)). However, recently "the Massachusetts Supreme Judicial Court has opined that the long-arm statute imposes specific constraints on the exercise of personal jurisdiction that are not coextensive with the parameters of due process, and for that reason has instructed courts to first make a determination under the long-arm statute before turning to the constitutional question." *Id.* (citing *SCVNGR, Inc. v. Punchh, Inc.*, 85 N.E.3d 50, 52 (Mass. 2017)).

1994). The notion of "transacting business is broadly construed and easy to satisfy." *Saturn Mgmt. LLC v. GEM-Atreus Advisors, LLC,* 754 F. Supp. 2d 272, 277 (D. Mass. 2010).

To satisfy the constitutional requirement of due process, there must be minimum contacts between the defendant and the forum state. *World-Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 291 (1980). Minimum contacts may be established by a showing of either general or specific jurisdiction. *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012). A court may exercise general jurisdiction over an out-of-state corporation "when [its] affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Bryner v. Rust-Oleum Corp.*, No. 2:23-cv-13-TS, 2023 WL 4238868, at *2 (D. Utah June 28, 2023) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). To establish specific jurisdiction, a party must show "two requirements: (1) that the defendant has 'purposefully directed its activities at residents of the forum,' and (2) that the suit 'arise[s] out of or relate[s] to those activities.'" *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1221 (10th Cir. 2021) (quoting *Burger King*, 471 U.S. at 472 (1985)).

Here, Defendants must show Massachusetts has personal jurisdiction over UHIC, UBH, and the Plan. While Defendants assert that the Plan is headquartered in Massachusetts, Defendants have failed to specifically assert that UHIC or UBH have contacts to Massachusetts. Defendants focus their briefing on asserting arguments relating to Defendants' lack of connections to Utah without addressing their connections to or contacts with Massachusetts. Defendants fall short in providing sufficient facts to the court for a proper personal jurisdiction analysis. Defendants present no arguments specific to how Massachusetts has personal jurisdiction over them. Therefore, Defendants have failed to satisfy the first requirement under 28 U.S.C. § 1404(a) of showing that Massachusetts is a proper forum in which this action could have been brought.

However, given that Plaintiffs do not dispute that this case "could have been filed in Massachusetts" (ECF 20 at 13), the court will nonetheless accept that the case could have been filed in Massachusetts and proceed with analysis of the second requirement under 28 U.S.C. § 1404(a) of the convenience of the forum.[2]

### C. Venue

#### 1. Plaintiff's Choice of Forum

"The plaintiff's choice of forum should not be disturbed unless the evidence strongly favors the moving party." *Briesch v. Auto. Club of S. Cal.*, 40 F. Supp. 2d 1318, 1322 (D. Utah 1999) (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992)). However, a plaintiff's choice of forum receives less deference "if the plaintiff does not reside in the district." *See Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010) "Courts also accord little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material or significant connection to the plaintiff's chosen forum.'" *Id.* (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993)).

Here, Defendants argue that Plaintiffs' choice of Utah as the forum is not entitled to deference because Plaintiffs reside in Massachusetts (ECF 16 at 5). Defendant further argues that much like the *Michael L.* case, "Utah lacks any material connection with the facts of this case other than the fact that the treatment occurred in Utah," *see Michael L. v. Anthem Blue Cross & Blue Shield*, No. 4:21-CV-32-DN-PK, 2021 WL 5051557, at *4 (D. Utah Oct. 29, 2021), because the Plan was administered in Connecticut and/or California, Plaintiffs' reside in Massachusetts, and any alleged breach would have occurred in one of those states (ECF 16 at 5). Plaintiffs respond

---

[2] While Plaintiffs correctly note that venue is proper in any district court "where a defendant resides or may be found" (ECF 20 at 8 (citing 29 U.S.C. § 1132(e)(2)), Defendants clarify that they are not asserting that venue in Utah is improper, but rather that it is inconvenient (ECF 28 at 6).

that the facts in this case have a material relationship to Utah as the location of treatment and because all of the Defendants have substantial contacts with Utah (ECF 20 at 13). Specifically, Plaintiffs contend that UHIC and UBH directed Plaintiffs to appeal their claims in Utah, have a long history of litigating ERISA cases in Utah, and have offices and employees in Utah (*id.* at 17, 20). Defendants respond that this argument was rejected in *K.A. v. UnitedHealthcare Ins. Co.*, No. 223CV00315RJSJCB, 2023 WL 7282544 (D. Utah Nov. 3, 2023), where the court held the location of a "facility through which some documents related to the benefits claim may have passed" was an insufficient connection to "warrant[] deference to a plaintiff's forum choice" (ECF 18 at 7 (quoting *K.A*, 2023 WL 7282544, at * 3).

The court agrees with Defendants that Plaintiffs' choice of forum is entitled to less deference in this case. In ERISA cases, "'any breach of duty owed under the plan, occurs at the place where the plan participant resides' and 'where the payment is to be made,' regardless of whether services were provided or denial decisions occurred out-of-state." *K.A.*, 2023 WL 7282544, at *2 (quoting *F.F. v. Cap. BlueCross*, No. 2:22-CV-494-RJS-JCB, 2023 WL 2574367, at *2 (D. Utah Mar. 20, 2023)). In this case, any alleged breach would thus have occurred in Massachusetts where Plaintiffs reside, not in Utah, where services were provided, or in Connecticut and/or California, where the denial decisions may have occurred. Defendants' unrelated business connections to Utah or litigation in other cases are immaterial to the facts of this case and insufficient to merit deference to Plaintiffs' chosen forum. This court has consistently "declined to defer to a plaintiff's choice of forum in ERISA cases where the only connection to Utah was the location of treatment." *Rula A.-S. v. Aurora Health Care*, No. 2:19-CV-00982-DAO, 2020 WL 7230119, at *3 (D. Utah Dec. 8, 2020) (collecting cases). For these reasons, the court finds it appropriate to decline deference to Plaintiffs' choice of forum in this case. Because

"[Plaintiffs'] choice of forum carries no more weight in this case than [Defendants']," the court finds this factor neutral. *See K.A.*, 2023 WL 7282544, at *4.

### 2. Accessibility of Witnesses and Sources of Proof

"The convenience of witnesses is the most important factor in deciding a motion to transfer under § 1404(a)." *Emps. Mut. Cas. Co.*, 618 F.3d at 1169 (quoting *Cook*, 816 F. Supp. at 669). However, this factor is less important in ERISA cases because the court's review "is generally limited to the administrative record." *Michael M. v. Nexsen Pruet Grp. Med. & Dental Plan*, No. 2:17-CV-1236 TS, 2018 WL 1406600, at *6 (D. Utah Mar. 19, 2018). "Nevertheless, to the extent witnesses may be required, courts have concluded the relevant witnesses in ERISA cases are those involved in administering the plan and denying the claims." *Rula A.-S.*, 2020 WL 7230119, at *4.

Here, Defendants argue that this factor weighs in favor of transfer because any relevant witnesses involved in administering the Plan as well as any relevant documents would be found outside of Utah (ECF 16 at 6). Defendants provided the Declaration of Julie A. Bullock (Bullock Declaration) (ECF 17) to support their Motion requesting transfer. The Bullock Declaration states that "[n]o claims or appeals decisions are made at [the] facility" in Salt Lake City, Utah that maintains a P.O. Box for correspondence and that "the reviewers who issued the decision letters" in this case "were not located in Utah" (ECF 17 ¶¶ 12–13). The Bullock Declaration also states that other correspondence "was sent through Georgia, Illinois, and California" (*id.* ¶ 14). Defendants point to cases where "courts have reached the 'common sense conclusion' that relevant witnesses will be located where the plan is administered, even where the defendants provided no specifics regarding potential witnesses." *Rula A.-S.*, 2020 WL 7230119, at *4 (finding the defendants' declaration "sufficient information" to determine the location of relevant witnesses);

*see also Michael M.*, 2018 WL 140600, at *6 (concluding "Utah would be an inconvenient forum" where potential witnesses were all located outside of Utah).

Plaintiffs respond that this factor weighs against transfer because Defendants failed to identify any witnesses or their location and thereby failed to meet their burden to show inconvenience (ECF 20 at 15–16). In support of this argument, Plaintiffs rely on *Anthony F. v. Highmark Blue Cross Blue Shield*, No. 219CV00183HCNPMW, 2020 WL 1939134 (D. Utah Apr. 22, 2020), where the court declined to transfer venue outside of Utah in part because "the Defendant has not provided the court with evidence, other than speculative evidence, to show that the balance is strongly in favor of Defendant" regarding the level of inconvenience. *Id.* at *3.

The court finds that Defendants have failed to meet their burden to show that the accessibility of witnesses weighs in favor of transfer. Both the *Rula A.-S.* and *Michael M.* cases are distinguishable because although the defendants in those cases did not identify specific witnesses, the defendants at least identified the state where the potential witnesses would be located. *See Rula A.-S.*, 2020 WL 7230119, at *4 (Wisconsin); *Michael M.*, 2018 WL 140600, at *6 (South Carolina). While the Bullock Declaration makes clear that any relevant witnesses and reviewers are not located in Utah, unlike the *Rula A.-S.* and *Michael M.* cases, the Bullock Declaration does not identify the particular state that these individuals are located or provide any evidence of a connection to Massachusetts. While the Motion notes that the Plaintiffs and the Plan are located in Massachusetts, the relevant witnesses for this type of case are those involved in administrating and denying the claim. *See Rula A.-S.*, 2020 WL 7230119, at *4. In the Motion, Defendants claim that the Plan "was administered in Connecticut and/or California" (ECF 16 at 5), which are on opposite sides of the country. Neither the Bullock Declaration nor the Motion provides evidence, other than speculative evidence, that the relevant witnesses or documents in

9

this case would be located in or closer to Massachusetts. The court finds that Defendants have therefore failed to meet their burden to show that this factor weighs in favor of transfer.

       3.       <u>Cost of Making Necessary Proof</u>

Defendants argue this is a neutral factor because there is nothing to suggest remaining in Utah would be cost-effective for Plaintiffs where "all other witnesses, including Plaintiffs, must travel to Utah to litigate the case." *See J.K. v. Anthem Blue Cross & Blue Shield*, No. 2:22-CV-00370 JNP, 2023 WL 6276598, at *4 (D. Utah Sept. 26, 2023). Plaintiffs do not dispute that this is a neutral factor (ECF 20 at 16).

       4.       <u>Enforceability of a Judgment</u>

"Courts have generally understood that judgments are more easily enforced against defendants in the state in which they reside." *Trevor T. v. California Physicians' Serv.*, No. 1:22-CV-00140 JNP, 2024 WL 1330040, at *4 (D. Utah Mar. 28, 2024) (citing *Michael M.*, 2018 WL 1406600, at *6). While Defendants initially argued this factor weighs in favor of transfer because the Plan is based in Massachusetts (ECF 16 at 7), Defendants ultimately conceded that this factor is neutral (ECF 28 at 8). Plaintiffs agree that this factor is neutral (ECF 20 at 16–17).

       5.       <u>Difficulties from Congested Dockets</u>

"When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge." *Emps. Mut. Cas. Co.*, 618 F.3d at 1169. Defendants argue this factor weighs in favor of transfer because available data suggests that the District of Utah "is more congested than the District of Massachusetts" because of a larger number of pending cases per judge and larger average weighted filings per judge (ECF 16 at 7). While

Plaintiffs argue this is insufficient to warrant transfer, they concede "this factor weighs slightly in favor of transfer" (ECF 20 at 17).

### 6. Advantages of a Local Court Deciding Local Law

Defendants argue this factor weighs in favor of transfer because although this case involves application of federal law, "to the extent state law does apply at some point in the litigation, Utah law would not apply" (ECF 16 at 7). Plaintiffs respond that the argument that state law could apply in this case is unsupported by ERISA or the Parity Act (ECF 20 at 17). Indeed, "because this is a federal case involving the application of federal law, concerns regarding conflict of laws and the interpretation of local laws are not present." *Howard W. v. Providence Health Plan*, No. 2:20CV463 JNP, 2021 WL 4459856, at *4 (D. Utah Sept. 29, 2021). The court therefore finds that this factor is also neutral as state law does not appear to be applicable.

### 7. Remaining § 1404 Factors

As to the remaining factors, Defendants argue that the relative advantages and obstacles to a fair trial, and the possibility of conflict-of-laws questions are neutral factors because nothing indicates there would be a difference between the District of Utah and the District of Massachusetts (ECF 16 at 8). In response, Plaintiff argues that other courts have recognized an interest in "limiting claims to one federal district," which "encourages uniformity in the decision interpreting [the] plan, which furthers ERISA's goal of enabling employers to establish a uniform administrative scheme so that plans are not subject to different legal obligations in different states" (ECF 20 at 19 (quoting *Smith v. AEGON Cos. Pension Plan*, 769 F.3d 922, 931–32 (6th Cir. 2014) (citing *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F. Supp. 2d 855, 861 (N.D. Cal. 2010)))). The court declines to follow noncontrolling authority suggesting that there is an additional factor and instead agrees with Defendants that the remaining factors are neutral.

In summary, having considered the relevant factors relating to convenience of the forum, nearly all of the factors are neutral, and only one factor—congestion of dockets—weighs slightly in favor of transfer. Under these circumstances, the court finds that Defendants have failed to meet their burden to show that the District of Utah is an inconvenient forum.

8. Interest of Justice

"[C]onvenience is not the only policy underlying § 1404(a): the interest of justice in the proper venue should not be forgotten." *Michael M.*, 2018 WL 1406600, at *7 (quoting *Danny P. v. Catholic Health Initiatives*, No. 1:14-cv-22-DN, 2015 WL 164183, at *3 (D. Utah Jan. 13, 2015)). "Merely shifting the inconvenience from one side to the other . . . is not a permissible justification for a change of venue." *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992). Although the parties do not reside in Utah, and the Plan was not administered in Utah, Defendants have failed to meet their burden to show that the District of Massachusetts is a more convenient forum for this case than the District of Utah as Plaintiffs' chosen forum and the location of Plaintiff J.R.'s location of treatment. Absent this showing, and in the interest of justice, the court concludes that the District of Utah is the appropriate forum.

### IV. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Transfer Venue (ECF 16) is DENIED.

IT IS SO ORDERED.

DATED this 17 March 2025.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah